VAN DEVEER
v.
STANTON.

VAN DE VEER *against* STANTON—*Certiorari from a Justice's Court.*

TRESPASS, in the Court below, by *Van De Veer* against *Stanton.* After issue, the defendant made affidavit, that the Justice was a material witness for him, as he was advised by his counsel, and verily believed, of which he was not apprized till after the adjournment; and moved for a non-suit. The plaintiff offered that the Justice might, on the trial, state

Where the defendant made affidavit, that the justice was a material witness, and moved for a nonsuit; and the plaintiff offered that the statement of the justice might be received as legal evidence, to which the defendant refused to accede, and the justice non-suited the plaintiff, with costs, the judgment was reversed on certiorari.

any cattle, but those which were rightfully in the adjoining close. (10 *E.* 4. 7, 8. 22 *E.* 4. *Fitz. Abr. Curia Claudenda,* 2. *Jenk.* 4 *Cent. ca.* 5.) But the owner of the cattle may avail himself of the insufficiency of the fence of the close injured, if he has an interest in the adjoining close, to authorise him to put his cattle there, as a right of way, an highway, a license, a lease, or a right of common. (*Fitz. N. B.* 298, *note.*)

" Against this position, the plaintiff has cited *Fitz. Abr.* 298, *note* 6, where it is said that if A be bound to fence against B, and B against C, and beasts escape out of the land of C, into the land of B, and thence into the land of A, A shall not maintain trespass against C. But if A be bound to fence against B, and the beasts of B escape into the lands of A, and thence into the lands of D, a stranger, D may maintain trespass against B, who shall be left to his *curia claudenda* against A. By calling D a stranger, I suppose is meant, that neither A nor D is bound to fence against each other. For this distinction is cited, 10 *E.* 4. 7, and 36 *H.* 6. *Fitz. Abr. Cur. Claud. Bar.* 168.

" As this distinction is not supported, but opposed by other cases, we have looked into the authorities cited. The 10 *E.* 4. 7, clearly proves that D may maintain his action. It is thus laid down by *Choke,* justice, " If I have " a close between the close of A, on one side, and the close of B, on the oth- " er side, which I ought to fence; and through defect of fence, A's cattle " escape into my close, I can have no action, for it is through my own de- " fault. But if they pass through my close into the close of B, he may " have an action against A, who shall be put to his writ *de curia claudenda* against me."—The case of 36 *H.* 6. is not reported in the year books, but there is a short statement of it in *Fitz. Abr. Bar.* 168. And I believe the distinction arose from a mistake of the case. It is thus : " *Note,* that it was " adjudged by the court, if my beasts go into the close of another [*de autre*]

any facts within his knowledge, which should be received as evidence, to which the defendant refused to accede.— Whereupon, the Justice non-suited the plaintiff, and gave judgment for the defendant, for his costs, although the defendant expressly waived all costs, and told the Justice he should ask none.

*J. J. Danforth*, for the plaintiff in error.

*Fish & Eacker*, contra.

*Curia.* The Justice erred in non-suiting the plaintiff; and having given judgment against him for costs, error lies.(a)

Judgment reversed.

(a) *Smith* v. *Sutts*, 2 *John. Rep.* 9. *Wilson* v. *Foree*, 6 *id.* 110. *Schermerhorn* v. *Jenkins*, 7 *id.* 373.

. " which is adjoining to my close, for the defect of the close of the other,
" [*de l'autre*] and further go into another [*autre*] close of the other,
" [*de l'autre*] that I shall not be punished, because I do not retake them,
" and put them again into my close, until reparation be made of the other
" close, because they would go again," &c. Now, by mistaking the third close for a close of a third person, who, because of the defect of his own fence, could maintain no action against the owner of the cattle, the distinction arose, but it is not well founded. That I have given the true translation, appears from *Jenk. 4 Cent ca.* 5. The rule, as there laid down, is, if A has *Green acre*, adjoining to his own close *White acre*, which adjoins to B's close *Black acre*, which A ought to fence against : If B's cattle go from his *Black acre*, to A's *White acre*, and thence to A's *Green acre*, this is no trespass, because A did not fence his *White acre* against B's *Black acre*. This seems to be the same case of 36 *H.* 6. stated in *Fitz. Bar.* 168.

" We therefore consider it settled at the common law, that the tenant of any close is not obliged to fence, but against cattle which are rightfully on the adjoining land. And accordingly, in the entries, where defect of inclosure is pleaded, the party pleading it claims some right or interest in the adjoining close, whence the escape was made, or justifies under those who have such right or interest. (*Rast. Ent.* 620, *b.* 622. 6 *Inst. Cler.* 677, 680, *and the entries there cited.*)"

It was upon these principles that *Rust* v. *Low & Stanwood*, (6 *Mass. Rep.* 90,) was determined. This case settles directly the doctrine before advanced, that one is not bound to fence, except against such cattle only as are lawfully in the adjoining close ; and it also decides that those cattle cannot be said to be lawfully there, which have broken in, through the defect or absence of a fence, which the owner of a close adjoining, in another place, is bound